DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: LUCAS ESTLUND ISSACHAROFF
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2737
Fax: (212) 637-2702
E-mail: lucas.issacharoff@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>NANCY METZLER, in her capacity as executor for the Estate of Narinder Singh; SHALU ARJOMAND, in her capacity as executor for the Estate of Narinder Singh,<br><br>                    Defendants. | No. 22 Civ. 8325 (AT)<br><br>**AMENDED COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, brings this civil action against Defendants Nancy Metzler, in her capacity as executor for the Estate of Narinder Singh ("Singh"), and Shalu Arjomand, in her capacity as executor for the Estate of Narinder Singh (together, "Defendants"), under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, for violations of the reporting and recordkeeping provisions of 31 U.S.C. § 5314, and alleges upon information and belief as follows:

**INTRODUCTION**

1. Congress enacted the BSA to facilitate and monitor compliance with currency regulations and tax laws. As part of this function, the BSA combats tax evasion and abusive tax

schemes that use offshore bank accounts, particularly those held in jurisdictions with bank secrecy laws that may hinder the enforcement of U.S. law.

2. In 2011, Singh maintained six foreign financial accounts with balances greater than $10,000. Singh maintained five such accounts at Union Bancaire Privée ("UBP") in Switzerland and one at Barclays Bank PLC ("Barclays") in the United Kingdom. The highest aggregate balance of the six accounts in calendar year 2011 was more than $7.2 million. Singh willfully failed to disclose the six accounts to U.S. authorities by filing the required report of foreign bank and financial accounts commonly known as the "FBAR." As a result of these willful violations of the BSA, the Internal Revenue Service ("IRS") has assessed penalties against Singh totaling $590,000.

3. The United States brings this suit to collect the unpaid civil penalties assessed against Singh for his willful failure to report his financial interest in foreign financial accounts in calendar year 2011, as required by 31 U.S.C. § 5314 and its implementing regulations.

**JURISDICTION AND VENUE**

4. The United States brings this suit under 31 U.S.C. §§ 3711(g)(4) and 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1335, because it arises under a federal statute and the United States is the plaintiff.

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because, prior to his death, Singh resided in New York County (Manhattan), which is within this district, and because Defendant Shalu Arjomand resides in Westchester County, which is within this district.

## REGULATORY BACKGROUND

7. United States persons are required to report certain transactions with foreign financial agencies. 31 U.S.C. § 5314. Applicable regulations in 2011 further obliged "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that interest to the IRS each year such interest exists. 31 C.F.R. § 1010.350(a) (2011).[1]

8. Such persons were required to fill out a Report of Foreign Bank and Financial Accounts ("FBAR"), Form TD-F 90-22.1, by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c) (2010).

9. The IRS has the authority to assess and collect civil penalties for violations of reporting and recordkeeping provisions of section 5314, including the FBAR requirement. *See* 31 U.S.C. § 5321; 31 C.F.R. § 1010.810(g).

10. Civil money penalties may be imposed on any person who violates any provision of section 5314. 31 U.S.C. § 5321(a)(5).

11. With respect to willful violations, the penalty is the greater of $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C)(i).

12. These penalties are subject to interest and further penalties. 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

13. Singh was a U.S. citizen and resident during calendar year 2011. Singh filed U.S. tax returns for tax years including 2011.

---

[1] The Government cites the regulations as they existed at the time of the reporting requirement and/or violation in this matter. The portions of the regulations cited have not changed as of the date of the filing of this Complaint.

14. During calendar year 2011, Singh lived at 188 East 76th Street, New York, New York, in New York County, with his spouse, Harbans Kaur ("Kaur").

### A. The UBP Accounts

15. Singh and Kaur opened three joint accounts at UBP in 1985, and opened four additional joint accounts at UBP in 2001. Five of these UBP accounts had a maximum balance greater than $10,000 during calendar year 2011. Singh did not timely file an FBAR for any of the UBP accounts for calendar year 2011.

### *i. The 7293 Account*

16. In calendar year 2011, Singh had a financial interest in an account at UBP bearing number XXX7293[2] (the "7293 Account").

17. The 7293 Account was a bank account in a foreign country.

18. Singh opened the 7293 Account in 2001 as a joint account with Kaur.

19. The balance of the 7293 Account was greater than $10,000 during calendar year 2011.

20. During calendar year 2011, Singh had a financial interest in and signature authority over the 7293 Account.

21. Singh closed the 7293 Account during 2011, but the maximum balance for the 7293 Account during the 2011 calendar year was $947,003.

22. Singh did not file an FBAR to report his interest in the 7293 Account for calendar year 2011 by the deadline of June 30, 2012. Accordingly, Singh failed to timely disclose the 7293 Account for calendar year 2011, as required by 31 U.S.C. § 5314.

---

[2] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of account numbers herein are redacted.

23. Singh's failure to file an FBAR for the 7293 Account in calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### ii. The 3851 Account

24. In calendar year 2011, Singh had a financial interest in an account at UBP bearing number XXX3851 (the "3851 Account").

25. The 3851 Account was a bank account in a foreign country.

26. Singh opened the 3851 Account in 2001 as a joint account with Kaur.

27. The balance of the 3851 Account was greater than $10,000 during calendar year 2011.

28. During calendar year 2011, Singh had a financial interest in and signature authority over the 3851 Account.

29. Singh closed the 3851 Account during 2011, but the maximum balance for the 3851 Account during calendar year 2011 was $128,097.

30. Singh failed to file an FBAR to report his interest in the 3851 Account for calendar year 2011 by the deadline of June 30, 2012. Accordingly, Singh failed to timely disclose the 3851 Account for calendar year 2011, as required by 31 U.S.C. § 5314.

31. Singh's failure to file an FBAR for the 3851 Account in calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iii. The 4153 Account

32. In calendar year 2011, Singh had a financial interest in an account at UBP bearing number XXX4153 (the "4153 Account").

33. The 4153 Account was a bank account in a foreign country.

34. Singh opened the 4153 Account in 1985 as a joint account with Kaur.

35. The balance of the 4153 Account was greater than $10,000 during calendar year 2011.

36. During calendar year 2011, Singh had a financial interest in and signature authority over the 4153 Account.

37. Singh closed the 4153 Account during 2011, but the maximum balance for the 4153 Account during calendar year 2011 was $3,721,882.

38. Singh failed to file an FBAR to report his interest in the 4153 Account for calendar year 2011 by the deadline of June 30, 2012. Accordingly, Singh failed to timely disclose the 4153 Account for calendar year 2011, as required by 31 U.S.C. § 5314.

39. Singh's failure to file an FBAR for the 4153 Account in calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iv. The 4141 Account

40. In calendar year 2011, Singh had a financial interest in an account at UBP bearing number XXX4141 (the "4141 Account").

41. The 4141 Account was a bank account in a foreign country.

42. Singh opened the 4141 Account in 1985 as a joint account with Kaur.

43. The balance of the 4141 Account was greater than $10,000 during calendar year 2011.

44. During calendar year 2011, Singh had a financial interest in and signature authority over the 4141 Account.

45. Singh closed the 4141 Account during 2011, but the maximum balance for the 4141 Account during calendar year 2011 was $2,392,523.

46. Singh failed to file an FBAR to report his interest in the 4141 Account for calendar year 2011 by the deadline of June 30, 2012. Accordingly, Singh failed to timely disclose the 4141 Account for calendar year 2011, as required by 31 U.S.C. § 5314.

47. Singh's failure to file an FBAR for the 4141 Account in calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### *v. The 7301 Account*

48. In calendar year 2011, Singh had a financial interest in an account at UBP bearing number XXX7301 (the "7301 Account").

49. The 7301 Account was a bank account in a foreign country.

50. Singh opened the 7301 Account in 2001 as a joint account with Kaur.

51. The balance of the 7301 Account was greater than $10,000 during calendar year 2011.

52. During calendar year 2011, Singh had a financial interest in and signature authority over the 7301 Account.

53. Singh closed the 7301 Account during 2011, but the maximum balance for the 7301 Account during calendar year 2011 was $29,937.

54. Singh failed to file an FBAR to report his interest in the 7301 Account for calendar year 2011 by the deadline of June 30, 2012. Accordingly, Singh failed to timely disclose the 7301 Account for calendar year 2011, as required by 31 U.S.C. § 5314.

55. Singh's failure to file an FBAR for the 7301 Account in calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### vi. Closure of the UBP Accounts

56. In October of 2011, Singh closed all of the UBP accounts, including two additional accounts that are not subjects of this suit because they had maximum balances less than $10,000 in that year, and transferred the aggregate balance of $5,995,000 to the account of one of his daughters at Barclays Bank in Geneva, Switzerland.

57. On January 17 and February 15, 2012, the daughter, who is neither a U.S. citizen nor a U.S. resident, transferred $2,295,000 and $3,700,000, respectively, to a Citibank account Singh maintained in the United States.

58. On April 12, 2013, Singh incorrectly reported the transfers to the IRS as gifts from his daughter on an IRS Form 3520, Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts.

### B. The Barclays Account

59. In calendar year 2011, Singh had a financial interest in an account at Barclays bearing number XXXX-6943 (the "6943 Account").

60. The 6943 Account was a bank account in the United Kingdom.

61. Singh opened the 6943 Account in 1980 as a joint account with Kaur.

62. The balance of the 6943 Account was greater than $10,000 during calendar year 2011.

63. During calendar year 2011, Singh had a financial interest in and signature authority over the 6943 Account.

64. The maximum balance for the 6943 Account during calendar year 2011 was $41,672.

65. Singh closed the 6943 Account in 2012.

66. Singh did not file an FBAR to report his interest in the 6943 Account for calendar year 2011 by the deadline of June 30, 2012. Accordingly, Singh failed to timely disclose the 6943 Account for calendar year 2011, as required by 31 U.S.C. § 5314.

67. Singh's failure to file an FBAR for the 6943 Account in calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

68. In December 2012, Singh closed the 6943 Account.

### C. Other Foreign Financial Accounts: The UBS Account

69. In 1985, Singh and Kaur opened a joint bank account at Union Bank of Switzerland ("UBS") in Switzerland.

70. From 1997 to 2010, Singh reported interest income they earned from the UBS account on Schedule B of the federal income tax returns he filed jointly with Kaur. They responded "No" to Question 7a of Part III of the Schedule B of these returns, which asked whether they had a financial interest in or signature authority over a foreign financial account.

71. Until 2007, Singh and Kaur used the services of a paid return preparer, Raymond A. McRoy, to prepare their federal income tax returns. Beginning in 2007, Singh and Kaur self-prepared their joint federal income tax returns using TurboTax.

72. Singh did not disclose his interests in the UBP or Barclays accounts to McRoy.

73. Singh did not report the interest income he earned from the UBP and Barclays accounts on Schedule B of the joint federal income tax returns he filed with Kaur between 1985 and 2010.

74. Singh and Kaur filed a timely FBAR for calendar year 2010 in which they disclosed the existence of a foreign financial account at UBS but did not disclose the existence of the UBP and Barclays accounts.

75. Singh closed the UBS account in late 2010.

### D. Examination and Assessment of Civil Penalties

76. Singh and Kaur timely filed a joint federal tax return for tax year 2011. This return did not include a Schedule B, which is the form that asked whether the taxpayer had a financial interest in or signature authority over a foreign financial account. Nor did the return include Form 8938, the Statement of Specified Foreign Financial Assets, used to identify such accounts and the income therefrom. Singh and Kaur did not file an FBAR for calendar year 2011 by the deadline of June 30, 2012.

77. On February 17, 2015, nearly three years after the reporting deadline, Singh and Kaur filed a delinquent FBAR for 2011, belatedly disclosing their interests in the UBP and Barclays accounts at issue in this lawsuit.

78. Singh and Kaur then filed IRS Form 14654, Certification by US Person residing in US for Streamlined Domestic Procedures, on February 23, 2015. On this form, Singh and Kaur reported their interests in foreign financial accounts between 2008 and 2013, including the accounts at issue in this lawsuit.

79. Certifying that their failure to report was non-willful, Singh and Kaur remitted a payment of $429,618 for a miscellaneous offshore penalty ("MOP"), which represented 5% of the highest aggregate balance of the unreported offshore accounts during the time in question, which was $8,592,352.

80. With the Form 14654, Singh and Kaur jointly submitted amended federal income tax returns for years 2011 through 2013. Their amended 2011 return included a Schedule B, in which they answered "Yes" to Question 7a in Part III, indicating that they did have an interest in or signature authority over a foreign financial account. The amended return also attached Form

8938, reporting the previously undisclosed foreign financial accounts in which Singh and Kaur had interests in 2011. They attested that they had not earned income from their foreign accounts in 2011.

81. Upon receiving Form 14654, the IRS began to investigate Singh's failure to report his foreign accounts in 2011 and determined that his failure was willful within the meaning of 31 U.S.C. § 5321(a)(5). The IRS noted Singh's sophistication, his prior filing of an FBAR (indicating knowledge of the procedure), and his unusual financial transactions through his daughter's account and reporting those as a gift (indicating an intent to shield assets from IRS scrutiny).

82. On two occasions between May 2018 and February 2019, Singh's authorized representative agreed in writing to extend the time within which the Secretary of the Treasury may assess an FBAR penalty against Singh for calendar year 2011, ultimately extending the assessment deadline until December 31, 2020.

83. On October 16, 2020, the IRS timely assessed penalties totaling $590,000 (the "FBAR Penalties") against Singh for his willful failure to comply with the FBAR filing requirements with respect to the five UBP accounts and the Barclays account for calendar year 2011.

84. Specifically, the IRS assessed a $100,000 penalty for each of the six unreported accounts, totaling $600,000. The IRS further determined that Kaur was liable for a non-willful FBAR penalty of $10,000 for calendar year 2011. Accordingly, the IRS reduced Singh's willful FBAR penalty by $10,000, to $590,000.

85. On October 21, 2020, the IRS sent Singh a demand for payment of the FBAR Penalties. Singh has not paid the assessed amount.

86. Since the date on which the IRS assessed the FBAR Penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

## CLAIM FOR RELIEF

### Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)

87. By this action, the United States seeks to collect the FBAR Penalties assessed against Singh on October 16, 2020, plus interest and additional penalties that continue to accrue as provided by law.

88. Defendants owe the United States the FBAR Penalties totaling $590,000, plus associated penalties and interest pursuant to 31 U.S.C. § 3717, which continue to accrue, less any amounts collected.

89. The United States may bring suit to recover the FBAR Penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the two-year period beginning on the date the FBAR penalty for calendar year 2011 was assessed. 31 U.S.C. § 5321(b)(2)(A). This action is brought within the two-year limitations period.

## RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a) awarding the United States the amount of Singh's assessed FBAR Penalties, totaling $590,000, plus interest as allowed by law from October 21, 2020 (the date of assessment), to the date of payment, *see* 31 U.S.C. § 3717(a)(1), (b), and additional delinquency penalties as allowed by law from October 21, 2021 (one year after the date of assessment), to the date of payment, *see* 31 U.S.C. § 3717(e)(2); 31 C.F.R. § 901.9(d); and

(b) granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated: November 2, 2022
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ *Lucas Issacharoff*
LUCAS ESTLUND ISSACHAROFF
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2737
Fax: (212) 637-2702
E-mail: lucas.issacharoff@usdoj.gov